MOORE v. GENTRY.

T. held a judgment against W., who owned four tracts of land in the same
county. W. afterwards mortgaged Nos. 1 and 2, then sold No. 1, then
No. 3, and then No. 4, and afterwards No. 2 was purchased by B. under
a decree of foreclosure. T. then levied his execution on No. 2, where-
upon B. instituted action against T. and the sheriff to require T. to
first exhaust Nos. 3 and 4. *Held*, that W. and the purchasers of
tracts 3 and 4 were necessary parties to the action.

Before WALLACE, J., Spartanburg, December, 1885.

This was an action by Baxter H. Moore against L. M. Gentry,
sheriff, and F. M. Trimmier. The opinion states the case.

*Messrs. Bobo & Carlisle*, for appellants.

*Mr. Ralph K. Carson*, contra.

August 3, 1886. The opinion of the court was delivered by

MR. JUSTICE McIVER. In this case the plaintiff alleges in
his complaint that on February 28, 1880, one John Winsmith
executed to him and one A. G. Floyd a mortgage on two tracts
of land, one known as the Nimrod Moore tract, and the other as
the Tom Wofford place, to secure the payment of a note for ten
hundred and seventy-five dollars; that said Winsmith was at the
time the owner in fee of several other tracts of lands; that on
May 17, 1881, he sold and conveyed the Nimrod Moore place to
one C. E. Smith for the sum of two thousand dollars, and on
August 12, 1882, he sold and conveyed a tract, known as the
White Oak Spring place, to one L. A. Mills for the sum of
twenty-five hundred and one dollars, and on October 24, 1883,
he sold and conveyed another tract of land to one R. C. Hunter
for six hundred and forty-two dollars—all of which land lies in
Spartanburg County, State of South Carolina; that on March
13, 1879, the defendant, Trimmier, recovered judgment against
said Winsmith for the sum of sixteen hundred and fifty-nine dol-
lars and seventy-seven cents; that in December, 1884, "under
a decree for the foreclosure of the mortgage, given to the plaintiff

and A. G. Floyd as aforementioned, which had been subsequently transferred to A. G. Floyd, the Nimrod Moore tract and the Tom Wofford tract were sold by the sheriff of Spartanburg County, and the plaintiff became the purchaser of the Tom Wofford tract for the sum of $1,310;" that in April, 1885, the sheriff levied upon the Tom Wofford tract as the property of said Winsmith under Trimmier's judgment, and advertised the same for sale; and that the property sold by the said Winsmith subsequent to the execution of the mortgage above referred to, is more than sufficient to satisfy said judgment. Upon this state of facts the plaintiff demands judgment that the defendants be enjoined from selling the Tom Wofford tract of land until they first exhaust the property sold by Winsmith subsequent to the execution of said mortgage.

The defendants demurred upon the ground that the complaint failed to state facts sufficient to constitute a cause of action ; and Judge Wallace, who heard the case below, overruled the demurrer, and rendered judgment granting the injunction as prayed for in the complaint. From this judgment defendants appeal upon the several grounds set out in the record, which need not be repeated here, as the sole question presented is, whether the plaintiff, under the facts stated in the complaint, has any equity to the relief demanded.

It is very manifest that the sole object and effect of the action and of the judgment rendered therein is to throw the defendant, Trimmier, first upon the lands sold by Winsmith, after the execution of the mortgage, to the relief of the land bought by the plaintiff under the judgment of foreclosure; for there can be no doubt that Trimmier's judgment being the first lien on all of the land, he could, if necessary for the satisfaction of his debt, sell every one of the tracts of land mentioned in the complaint. Hence the only question presented is as to the order in which the lands of the plaintiff and those of the other purchasers, shall be held liable, the plaintiff contending that the lands of those who purchased after the execution are primarily liable, and that his can only be resorted to after theirs is exhausted, upon the principle that, where a judgment debtor sells or encumbers different tracts of lands, at different times, to different persons, while

all of the lands are *eventually* liable to be sold for the satisfaction of the judgment, if necessary, yet that the senior purchaser or encumbrancer has an equity to require the judgment creditor first to exhaust the lands of the junior purchasers or encumbrancers, and that the lands must therefore be sold in the inverse order of the conveyances or encumbrances.

This being so, it is clear that those who purchased from Winsmith, subsequent to the execution of the mortgage, through which the plaintiff claims, have a very material interest in the question involved; in fact, they are the only persons who have any real interest in the question; for though the judgment creditor is a necessary party to the action for injunction, yet he has no real interest in the question presented, for let it be determined either way, he loses nothing except by the delay to which he is subjected in realizing his money. We think, therefore, that those who purchased from the judgment debtor, Winsmith, subsequent to the execution of the mortgage, having such a material and vital interest in the issue presented, are necessary parties to the action, and that no final judgment can properly be rendered until they have an opportunity to be heard upon an issue so seriously affecting their rights and interests.

These purchasers not being parties to the action would, of course, not be bound by any judgment rendered herein, and therefore if the judgment appealed from is allowed to stand, then when Trimmier levies his execution upon the lands of Hunter and Mills, or either of them, we see no reason why they could not, by their action for injunction, reopen the question raised by the plaintiff in this case, and contend that the plaintiff is, in fact, a subsequent purchaser to them, and that his purchase could not have relation back to the date of the mortgage, and thus invest him with the equity which the mortgagee may have had to require the judgment creditor first to exhaust the lands of those who purchased subsequent to the mortgage; thus subjecting the judgment creditor to further delay and expense. So that it seems to us, in any view of the case, all the necessary parties are not before the court, and for that reason alone, without intending to intimate any opinion either way, as to the merits of the question involved, the judgment appealed from cannot be permitted to stand.

Indeed, we think that in actions of this kind, whether brought by a mortgagee or a purchaser at a foreclosure sale, the mortgagor, as well as any person who has bought subsequent to the mortgage, is a necessary party, so that the court, having all the parties interested before it, may render such decree as will properly adjust all the equities of the several parties.

The judgment of this court is, that the judgment of the Circuit Court be set aside, with leave to the plaintiff to apply to that court for permission to amend, upon such terms as to said court may seem meet, by bringing in the necessary parties.